J. JONES, Justice,
specially concurring.
While I concur in the opinion of the Court, I have concerns with restating the quote from Nelson v. Hazel, 89 Idaho 480, 406 P.2d 138 (1965) that, “Although the statute, I.C. § 45-501, does not specifically require substantial performance of a contract before a lien attaches, it is inherent in the law that a person may not enforce collection under a contract which has not been performed.” Id. at 489, 406 P.2d at 144. The Nelson statement is troubling because (1) it fails to recognize a difference between the attachment of a mechanic’s lien and an action by a contractor to recover for work performed under a construction contract, and (2) it appears to indicate that a mechanic’s lien does not attach, nor can a contractor recover for his work, where there has not been substantial performance of the contract.
With regard to the first issue, the Nelson court recognized that I.C. § 45-501 does not specifically require substantial performance of a contract before a mechanic’s lien attaches. However, a literal reading of Nelson would deny lien rights to PCM because, even if all the work it did perform under the contract was satisfactory, it did not complete the contract because the Bells terminated the same and the contract could not for that reason have been substantially performed. It may well be that the initial work under the contract was performed in a workmanlike manner, as evidenced by the fact that the Bells did not raise complaints about the work until the fifth invoice, and lien rights would certainly have attached for the earlier work. The Nelson court failed to recognize that there is a difference between attachment of lien rights and collecting for construction work. The lien merely, but importantly, provides a secured method of payment for construction work — a charge against the real property, making the property the object of a lien foreclosure action and the secured source of payment. Whether or not a contractor is entitled to be compensated for the work he performed is a separate question.
Denying the contractor the right to a lien for work satisfactorily performed on a construction project, where the contract has not been fully performed, is without statutory authority and certainly appears to be counter to art. XIII, § 6 of the Idaho Constitution, which requires that “[t]he legislature shall pi’ovide by proper legislation for giving to mechanics, laborers, and material men an adequate lien on the subject matter of their labor,” and the implementing statutory provisions, particularly I.C. § 45-501. Where a contractor has performed part of his work in conformance with his contract but done other work in an unworkmanlike manner, he should not run the risk of losing his right to obtain a lien for the portion of the work that was satisfactory.
With regard to the second issue, the implication from Nelson that a contractor may not be able to recover for his work if the contract has not been substantially performed, this Court observed in Ervin Construction Co. v. *257 Van Orden, 125 Idaho 695, 703, 874 P.2d 506, 514 (1993):
In Nelson we held that a construction contract that is “not performed in a workmanlike manner” is not substantially performed and it is error to so hold. 89 Idaho at 489, 406 P.2d at 144. The trial court in this case found that only certain parts of the construction on the home were not performed in a workmanlike manner, rather than the contract was a whole. Thus this case does not come within the rule announced in Nelson and we decline in this instance to follow the broad pronouncement stated there. In certain instances, such as the case at bar, there can be components of the construction which are not performed in a workmanlike manner, but such a finding does not mean that the project as a whole was not completed in a workmanlike and timely manner. If the defective portions of the construction are not such as to destroy the important essential benefits for which the parties contracted, then, there still may be substantial performance.
It should be noted that Ervin Construction was not a lien foreclosure but, rather, a breach of contract suit by the contractor to recover for its work. Of interest, however, is that in both cases the Court held, in essence, that the property owner was entitled to an offset for construction work that was performed in an unworkmanlike manner.
It would appear to make sense, either in a lien foreclosure action or a breach of contract action, where the contractor and property owner are disputing the amount owing for construction work, that the question of substantial performance be essentially set aside and that the issue be addressed as both the Nelson and Ervin Construction cases ended up addressing it. That is, to determine the amount owing for the construction work that was actually completed, to determine whether any of that work was performed in an unworkmanlike manner and whether any other offsets may be credited to the property owner, and then to determine the monetary amount necessary to repair the unworkmanlike portion as an offset. Such an approach conforms with I.C. § 45-507, wherein a lien claimant must set forth a statement of his demand for work but also deduct all just credits and offsets, which should certainly include any defective work. I.C. § 45-507(3)(a). Getting into the peripheral question as to whether the contract has been substantially performed and, if not, whether the lien claimant thereby loses his lien rights or the right to recover under contract for his work is simply not productive.
The Nelson holding is overbroad and should be viewed with care, as the Court noted in Ervin Construction. That being said, the correct result was produced here by the Court. The Bells will have their opportunity to present evidence showing the alleged construction defects and to establish the amount of any consequent offset against the portion of the contract performed by PCM.